**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN ANDERSON SALAZAR-
CARVAJAL,

    Petitioner,

v.                                          CASE NO: 8:06-CV-539-T-30MAP
                                              Crim. Case No: 8:03-CR-458-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on March 29, 2006. The Court has undertaken a preliminary review of the motion and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts. After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief. Consequently, the Court needs no response from Respondent.

**I.    Background.**

Petitioner, John Anderson Salazar-Carvajal (hereinafter referred to as "Petitioner"), was indicted by a federal grand jury for the following offenses:

---

[1] See case number 8:03-CR-458-T-30MAP.

A. **Count One:** That he did knowingly and willfully combine, conspire and agree with other persons known and unknown to the Grand Jury, to possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, while aboard a vessel subject to the jurisdiction of the United States, in violation of Title 46 Appendix, United States Code, Sections 1903(a) and 1903(g), all in violation of Title 46 Appendix, United States Code, Sections 1903(a), 1903(g), and 1903(j); and Title 21, United States Code, Section 960(b)(1)(B)(ii).

B. **Count Two:** That he did knowingly and willfully possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, all in violation of Title 46 Appendix, United States Code, Sections 1903(a) and 1903(g); Title 18, United States Code, Section 2; and Title 21, United States Code, Section 960(b)(1)(B)(ii).

On January 13, 2004, Petitioner pled guilty pursuant to a Plea Agreement (CR Dkt. #31) to Count Two of the Indictment. Petitioner was sentenced on April 16, 2004, and his judgment of conviction (CR Dkt. #61) was entered on the same date. The guideline range was calculated to be 168 to 210 months. Petitioner was sentenced to serve a term of 168 months imprisonment, to be followed by a 60-month term of supervised release, and given a special assessment of $100. The fine was waived because of the Defendant's financial condition. Count One was dismissed upon the government's motion.

Petitioner filed a Notice of Appeal to the Eleventh Circuit Court of Appeals (CR Dkt. #65) on April 26, 2004. The Clerk's docket record indicates that Petitioner did not pay the required filing fee. The Eleventh Circuit Court of Appeals dismissed Petitioner's appeal on May 19, 2004 (CR Dkt. #68). Petitioner did not challenge the Eleventh Circuit's dismissal, thus his judgment became final on August 17, 2004 (90 days after the entry of the Eleventh Circuit Court's opinion).[2]

## II.    Discussion.

Petitioner's motion (CV Dkt. #1/CR Dkt. #112) to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 was filed on March 29, 2006. A §2255 motion must, however, be filed within one (1) year of the date on which the conviction becomes final. See U.S.C. §2255 ¶6. Petitioner's conviction became final on August 17, 2004. See Fed. R. App. P. 3(a) and 4(b)(1)(A); see also United States v. Rothseiden, 680 F.2d 96, 97 (11th Cir. 1982) (finding that the entry in the criminal docket of the judgment or order appealed from triggers the period for filing a notice of appeal). Petitioner's motion was filed 223 days after the limitations period expired.

Petitioner acknowledges that his petition was filed well after the deadline, but he asks the Court to equitably toll the deadline because (1) his appeal was dismissed by his attorney without his knowledge so he did not know about the deadline, and (2) he does not speak English, only Spanish, and this delayed his filing.

---

[2] See Clay v. United States, 537 U.S. 522 (2003).

The Eleventh Circuit has held that an extension of time in which to file a §2255 motion is warranted only if extraordinary circumstances beyond a prisoner's control make it impossible to file the motion on time. Sandvik v. United States, 177 F.3d 1269, 1271-72 (11th Cir. 1999). See also Helton v. Sec. for the Dept. of Corr., 259 F.3d 1310, 1314-15 (11th Cir. 2001) (holding that "[t]he 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction" (citation omitted)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence. See Diaz v. Secretary for the Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004). Equitable tolling is not warranted where, as in the instant case, the claimant simply failed "to exercise due diligence in preserving his legal rights." See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 97 (1990).

Petitioner has not met his burden of establishing entitlement to equitable tolling of the limitation provisions of 28 U.S.C. §2255. Nothing in the record demonstrates that Petitioner was diligent in seeking relief. Transcripts are not necessary to file a §2255 motion. Petitioner's inability to speak or read English in not an "extraordinary circumstance" which justifies equitable tolling of the limitations period.[3] Further, the fact that Petitioner is

---

[3] See United States v. Montano, 381 F.3d 1276, 1280 n.5 (11th Cir. 2004).

unlearned in the law or unfamiliar with the one-year limitations period for filing a petition for federal habeas relief does not excuse his procedural fault.[4]

The Court notes that the record contradicts Petitioner's assertion that he did not know about the filing deadline. In his Motion for Furnishing of Transcripts (CR Dkt. #97) filed on May 9, 2005, Petitioner states that "his one year statutory deadline is running, from May 21, 2004." Petitioner also sent a letter to the Clerk of Court (CR Dkt. #100) dated August 3, 2005, which acknowledged that "I am now past the filing time for that opportunity to file the §2255 motion."

Taking into account Petitioner's arguments in support of his bid for equitable tolling, the record, applicable statutes, and controlling case law, the Court finds that Petitioner has not established that he acted with the requisite diligence to warrant equitable tolling of the limitation provisions of 28 U.S.C. §2255.

## **CONCLUSION**

For the foregoing reasons, the Court finds that the motion is subject to dismissal pursuant to the one-year limitations period applicable to § §2255 motions. Because "it plainly appears from the face of the motion . . . and the prior proceedings in the case that the movant is not entitled to relief," the motion is subject to summary dismissal. See Rule 4(b), Rules Governing Section §2255 Proceedings for the United States District Courts (2004).

It is therefore ORDERED AND ADJUDGED that:

---

[4] See Towers v. Phillips, 7 F.3d 206, 211 (11th Cir. 1993); see also Helton v. Sec. Dept. Of Corr., 259 F.3d 1310.

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#112, in the underlying criminal case, case number 8:03-CR-458-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2006\06-cv-539.deny 2255 motion.frm