**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN ANDERSON SALAZAR-CARVAJAL,

    Petitioner

-vs-                                                  Case No.  8:03-CR-458-T-30MAP
                                                                  8:06-CV-539-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Petitioner has filed a Notice of Appeal (Dkt. 5), which the Court construes as an application for issuance of a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 6), and a Motion for Permission to Appeal *In Forma Pauperis*,[3] with an affidavit of indigency attached in support thereof (Dkt. 7). Petitioner

---

[1] "Certificate of Appealability.  (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P. *But see Edwards v. United States*, 114 F.3d 1083, 1084 (11th Cir. 1997) ("The precise interaction of Fed. R. App. P. 22(b) and 28 U.S.C. §§ 2253(c), 2254 and 2255 is not always plain to us. But given the laws' language and history, we have made up our minds that both district and circuit judges can issue COAs.").

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

[3] Although Petitioner's Notice of Appeal was not received by the Clerk's office for filing until June 9, 2006, this circuit considers § 2255 motions to vacate, and documents related thereto "filed" when a "*pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999). Petitioner executed the Notice of Appeal on June 3, 2006

seeks review of the Court's April 21, 2006 decision denying his motion for relief under 28 U.S.C. § 2255 (Dkt. 3).

The Court found that Petitioner's § 2255 motion was not timely filed. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Notice of Appeal, construed as an application for issuance of a certificate of appealability (Dkt. 6), is **DENIED**.

2. The Motion for Permission to Appeal *In Forma Pauperis* (Dkt. 7) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Parties of Record

SA:jsh