# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  CASE NO. 8:03-CR-458-T-30MAP
                                                      Civil Case No: 8:06-CV-539-T-30MAP

JOHN ANDERSON
SALAZAR-CARVAJAL,

    Defendant.

_____/

## ORDER

This Cause is before the Court upon Defendant's *pro se* Motion to Alter or Amend Judgment (Dkt. 149). Because the motion challenges the validity of the judgment and sentence in Defendant's criminal case, the proper motion Defendant should file is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant that it intends to recharacterize a criminal post-conviction motion as a § 2255 motion, and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to § 2255. In light of the foregoing, and in compliance with the requirements of *Castro*, the Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).

The Court cautions Defendant that such recharacterization will render this motion a second or successive § 2255 motion subject to each of the procedural limitations imposed upon § 2255 motions. Specifically, Defendant is cautioned that after its characterization as a § 2255 motion, the instant motion will be barred as successive under the successive petition bar applicable to post-conviction motions.[2] Defendant must obtain the permission of the Eleventh Circuit Court of Appeals before he can file a successive § 2255 petition. In addition, if the Defendant obtains permission to file the § 2255 motion, the motion shall still be subject to the one (1) year period of limitation.[3] Accordingly, Defendant should also address the motion's untimeliness, falling as it will well beyond one (1) year from August 17, 2004, the date Defendant's judgment became final.

Finally, Defendant should also explain how the only case he cites in support of his motion, *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), applies to Defendant. Specifically, it appears from the facts asserted by Defendant that *Bellaizac-Hurtado*, which concerns Congress's ability to proscribe drug-trafficking activity in the territorial waters of foreign countries, *see id.* at 1258, does not apply to Defendant's case as he acknowledges the United States Coast Guard stopped him in international waters.

Finally, the Court advises Defendant that, in addition to addressing the foregoing issues, he should amend his motion to assert any additional claims pursuant to 28 U.S.C. §

---

[2] Further, 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an Order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

[3] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f).

2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Accordingly, the Court **ORDERS** that on or before **April 4, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1. Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his Motion to Alter or Amend Judgment (Dkt. 149);

2. Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3. Withdraw his Motion to Alter or Amend Judgment (Dkt. 149).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case and this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 149).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 5, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2003\03-cr-458 alter FJ 149.wpd*